Louis ASPER a/k/a Louis Esper,
Petitioner-Appellant,

v.

W.J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 82–1623

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 11, 1983.

Michael R. Gibson, El Paso, Tex., for petitioner-appellant.

Nancy M. Simonson, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before GEE, RANDALL and TATE, Circuit Judges.

TATE, Circuit Judge:

The petitioner Asper, a Texas state prisoner, applies for federal habeas relief. 28 U.S.C. § 2254. Asper appeals from the district court's dismissal of his complaint that he was unconstitutionally denied an effective appeal of his conviction solely because of his indigency. We affirm, finding no constitutional error in the state trial judge's refusal under the circumstances to credit Asper's self-serving but uncontradicted testimony as to his own indigency, in denying him leave to appeal in forma pauperis.

Asper's federal habeas petition alleges that he is confined without due process because the State refused his leave to appeal in forma pauperis. He was convicted in state court of conspiracy to commit armed robbery and sentenced to fifteen years' imprisonment. He appealed, urging as sole ground the sufficiency of the evidence; for review of his contention, a transcript was required. The state trial court, after an indigency hearing, refused to permit him to appeal in forma pauperis, so his appeal on the merits of his conviction was submitted without transcript (or attorney) and thus resulted in a routine affirmance.

The state appellate court also reviewed the denial of Asper's motion to have transcript, counsel, and appeal furnished without cost. It found—one judge dissenting—that the state trial judge had properly

found that Asper was not an indigent for purposes of appeal and was thus not entitled to the state's furnishing him a transcript and waiving costs of appeal.

Having exhausted state remedies, Asper applies for federal habeas relief. The essential basis of his complaint is that his due process rights to appeal despite his indigency were denied, because the state trial court refused to accept his uncontradicted testimony that, at the time of appeal, he had assets only of some $200 and an old automobile worth some $400 and was thus qualified as an indigent. He states that he thus met his burden to prove his indigency.

In denying the federal habeas claim, the federal magistrate, in a report and recommendation adopted by the district court, pointed out that in his view of the state transcript some $3000 of funds Asper had in his possession at the time the prosecution commenced were not accounted for, and that his assertion of Fifth Amendment grounds against revealing certain financial details entitled the state trial judge to discount his testimony. *Cf., United States v. Schmitz,* 525 F.2d 793, 795 (9th Cir.1975).

█ In federal habeas review of a claim by a person in state custody, the state's determination on the merits, after a full hearing, "shall be presumed to be correct", in the absence of certain specified deficiencies not here present, unless "the Federal Court on a consideration of ... the record as a whole concludes that such factual determination is not fairly supported by the record." 28 U.S.C. § 2254(d). The factual findings of the state court are entitled to a "high measure of deference". *Marshall v. Lonberger,* —— U.S. ——, ——, 103 S.Ct. 843, 850, 74 L.Ed.2d 646 (1983) (citing *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981)). This "requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked 'even fair support' in the record." *Id.*

In the present instance, Asper was represented by his trial attorney at the indigen-

cy-for-appeal hearing. His claim rested solely upon his own testimony, after which his counsel rested. He testified that he had only $200 cash to his name, plus a 1969 vehicle he had given to his daughter which was worth about $400 at the most. Under state cross-examination, Asper admitted that at the time the prosecution commenced, he had $9500 in a safety deposit box and $4000 on deposit with a casino in Nevada. He stated he had paid $10,000 to an attorney, withdrawn $500, and that his daughter (to whom he had given a power of attorney to withdraw the money) had told him she had spent the remaining $3000. He assumed she had spent this for her expense of flying a lawyer from Reno and for her own transportation costs in attending to his legal affairs.

When first questioned as to whether he had paid $10,000 to a named attorney (not his trial counsel, whom direct examination had revealed was fully paid for *his* services at trial), Asper refused to answer on grounds of the attorney-client privilege. However, he later testified that he had indeed paid the $10,000 to the named attorney, although instead his trial counsel "ended up as his attorney." When first asked as to how much money was in his safety-deposit box, Asper refused to answer, claiming a Fifth Amendment privilege. Later, however, he testified that the sum was $9,500 in cash.

█ The evidence taken at the indigency hearing could certainly be held to prove, as the dissenting state appellate judge believed, that by the time the appeal was taken Asper was an indigent, having spent in his trial defense almost all the $13,500 cash he had on hand at the time the prosecution commenced. Indeed, we might prefer to give this construction to the factual showing, based solely however upon the cold record, given the important constitutional values to be preserved by not denying an indigent an appeal on the merits of his criminal conviction.

Nevertheless, the state trial judge, with full opportunity for demeanor evaluation,

did not credit Asper's testimony as truthful. We cannot find constitutional error in the district court's credibility determination, given the large sum of cash initially on hand together with Asper's rather broad explanations that $10,000 had been given to an attorney (not his trial attorney) and $3,000 to his daughter (without detailed breakdown), and also considering his initial refusals (on the ground of privilege) to give details as to the amount in his safety-deposit box and as to the amount he had paid the non-trial attorney. "28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." *Marshall v. Lonberger, supra,* —— U.S. at ——, 103 S.Ct. at 851.

Therefore, finding no merit to Asper's claim of deprivation of the right of effective appeal of his state criminal conviction because of his indigency, we AFFIRM the judgment of the district court that dismissed his federal habeas application.

AFFIRMED.